IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LESLIE BROWN, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-CV-708-JED-TLW |
| | ) |
| LESLIE LOWERY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court are plaintiff's Complaint (Doc. 1) and plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2). Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3), alleging that defendant denied him due process, access to the courts, and conspired against him in relation to his Tulsa County District Court small claims case.

**Plaintiff's Pro Se Status**

Plaintiff is proceeding pro se. Pro se pleadings must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, a district court should not assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("rule of liberal construction [of pro se filings] stops, however, at the point at which we begin to serve as his advocate."). But even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. *See Ogden v. San Juan Cnty*, 32 F.3d 452, 455 (10th Cir. 1994). A court "will not supply additional factual allegations to round out a plaintiff's complaint

or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

### Failure to State a Claim

A court may sua sponte dismiss a case pursuant to Fed. R. Civ. P. 12(b)(6) "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Andrews v. Heaton*, 483 F.3d 1070, 1074 n.2 (10th Cir. 2007) (citations omitted). The Federal Rules of Civil Procedure require "a short and plain statement of the claim to show that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The standard does "not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555-56, 570 (citations omitted). The *Twombly* pleading standard is applicable to all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful, and must construe the allegations in the light most favorable to the plaintiff. *See Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). The liberal standard applicable to a pro se plaintiff "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110.

Plaintiff filed this lawsuit against defendant Leslie Lowery, a deputy court clerk in Tulsa County District Court, requesting injunctive relief and $300,000 in compensatory and punitive damages. The Complaint appears to seek two causes of action—first, violation of due process and

denial of access to the courts, and second, conspiracy to violate plaintiff's rights to due process and access to the courts. (Doc. 1 at 3-5). The lawsuit appears to be premised upon plaintiff's unsuccessful attempt to disqualify Judge Dana Keuhn, the Tulsa County District Court judge presiding over his small claims case.[1] To that end, plaintiff's Complaint alleges an array of facts pertaining specifically to Judge Keuhn, although Judge Keuhn is not a party to this case. In support of his claims against defendant, plaintiff alleges that by inserting the wrong date on a "false and bogus minute order," and filing the "fraudulent" order at the judge's request, defendant "acted in conjunction and conspiracy with Judge Kuehn because of spite and malice . . . against Plaintiff because of his race." (Doc. 1 at 3). As discussed below, even construing plaintiff's Complaint liberally, it is clear that his claims must be dismissed.

First, the Tenth Circuit has held that as a general rule, "the only type of relief available to a plaintiff who sues a judicial officer is declaratory relief." *Chavez v. Schwartz*, 457 F. App'x 752, 754–55 (10th Cir. 2012) (unpublished) (dismissing plaintiff's complaint for injunctive relief against state court judge and deputy court clerk). Plaintiff's Complaint clearly seeks compensatory and punitive damages, in addition to injunctive relief. Accordingly, he may not seek relief against defendant, because a deputy court clerk is a judicial officer. Second, judicial officers enjoy absolute quasi-judicial immunity when performing judicial acts, such as issuing summons or entering a default judgment. *See Coleman v. Farnsworth*, 90 F. App'x 313, 317 (10th Cir. 2004) (unpublished). "The doctrine of absolute immunity ensures judges and judicial officers perform their duties vigorously and without fear of time-consuming, costly, 'vindictive or ill-founded

---

[1] The Court may take judicial notice of this proceeding. *See St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *Moore v. Tulsa*, 2014 WL 5419317, *2 (N.D. Okla. 2014).

damage suits brought on account of action taken in the exercise of their official responsibilities.'" *Id.* (citing *Smith v. Losee*, 485 F.2d 334, 341 (10th Cir. 1973)). In addition, "those performing ministerial acts at the direction of a judge are also entitled to absolute immunity." *Whitesel v. Sengenberger*, 222 F.3d 861, 869 (10th Cir. 2000). It logically follows that defendant's act of filing an order at a judge's direction constitutes a judicial action subject to absolute quasi-judicial immunity. As defendant is immune from liability, it is clear that plaintiff cannot prevail. Additionally, because allowing plaintiff an opportunity to amend his complaint against defendant would be futile, the Court may properly dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6). *See Heaton*, 483 F.3d at 1074 n.2.

Moreover, plaintiff's assertions lack factual support. For example, plaintiff asserts that defendant entered the misdated "false and bogus" order "on or about November 24, 2014." (Doc. 1 at 3). Yet the order itself indicates a filing date of November 24, 2014 in *four* different places—in the text of the order itself, as a handwritten entry by defendant, and as a time stamp. (Doc. 1, Exh. A). Other than plaintiff's conclusory statement, the Complaint contains no facts suggesting that November 24, 2014 was not the actual date the Order was filed. Plaintiff's conspiracy claim is similarly implausible. Plaintiff relies on a Tulsa World article concerning a Pawnee County District Court judge who was indicted for his conduct in creating a drug court (Doc. 1, Exh. C), which plaintiff argues "clearly establishes . . . a conspiratorial act" by defendant and Judge Kuehn. Given the absence of any connection between the conduct alleged by defendant in this case and the judge referenced in the article, there are insufficient facts to suggest a conspiracy existed between defendant and Judge Kuehn. Lastly, there is no support for plaintiff's claim that any harm he suffered was due to his race. Plaintiff states that defendant's actions "were motivated by racial animosity," which defendant allegedly demonstrated by previously perjuring herself in plaintiff's

small claims case. However, plaintiff provides no additional facts for his claim aside from informing the Court that he is African-American and both defendant and Judge Kuehn are Caucasian. (Doc. 1 at 2). Although plaintiff is proceeding pro se, he must nonetheless assert facts sufficient to state a recognizable legal claim. *See Hall*, 935 F.2d at 1110. It is clear that plaintiff's Complaint fails to meet this standard in a myriad of ways.[2]

## Conclusion

For the reasons set forth above, the plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6). The plaintiff's Complaint (Doc. 1) is hereby **dismissed without prejudice.** A separate judgment of dismissal will be filed forthwith. In light of the Court's ruling, plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is denied as **moot**.

SO ORDERED this 28th day of December, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[2] As an additional basis for the Court's decision, it is well-established that "federal courts hold no supervisory power over state judicial proceedings." *Fero v. Kerby*, 39 F.3d 1462, 1480 (10th Cir. 1994). Even in the case where a plaintiff alleges a constitutional violation, a federal district court lacks authority to grant the requested relief if the "constitutional challenge is inextricably intertwined with [a] state court decision[]." *Lane v. Oklahoma Supreme Court*, 221 F.3d 1352 (10th Cir. 2000) (unpublished) (affirming district court's dismissal of lawsuit challenging state court ruling). While the plaintiff in this case has not directly challenged Judge Kuehn's order regarding disqualification, he has challenged defendant's conduct in filing the judge's order— conduct that is "inextricably intertwined" with a state court decision. Accordingly, the Court has no authority to review plaintiff's claim on this ground.